UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-61435-CIV-DIMITROULEAS

KENDRA JONES,

    Plaintiff,

vs.

PROFESSIONAL FINANCE COMPANY, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court on the Motion to Dismiss Complaint [DE 6]. The Court has carefully considered the Motion [DE 6], the Response [DE 13], and the Reply [DE 19]. The Court is otherwise fully advised in the premises.

**I.    Background**

Plaintiff, Kendra Jones, commenced this action on July 19, 2017. [DE 1]. Plaintiff owes a debt to the University of Colorado Medicine ("Creditor"). ¶ 20.[1] Defendant, Professional Finance Company, Inc. attempted to collect the debt on behalf of the Creditor by sending plaintiff a letter on May 5, 2017 (the "Collection Letter"). ¶ 25, [DE 1-3]. The letter has several columns, including "service date, amount, current interest rate, interest, fees, and total." [DE 3-1]. The fee column reflects a $0.00 balance. Plaintiff alleges that the including of the fee column, even with the zero balance, "leads the least sophisticated consumer to believe that the Consumer Debt is subject to the incurrence of some sort of fee . . . when in fact *no* fees are authorized by statute or by the underlying agreement that gave rise to the consumer debt." ¶ 39.

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §

---

1 Citations to the Complaint [DE 1] are styled as ¶___.

1

1692, *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). [DE 1]. Defendant filed the instant Motion to Dismiss, arguing that all claims should be dismissed with prejudice. The Court agrees.

## II. Standard of Review

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such allegations must be construed in the light

most favorable to the Plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir.2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir.2004). The Court may also consult documents that are attached to the motion to dismiss under the "incorporation by reference" doctrine— a document attached to a motion to dismiss may be considered without converting the motion into one for summary judgment if the document is central to the plaintiffs claim and undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002) (internal citations omitted); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005). "Undisputed" means that the authenticity of the document is not challenged. *Id.*

### III.   Discussion

To assert an FDCPA claim, Plaintiff must allege that: (1) he has been the object of collection activity arising from consumer debt; (2) Defendant is a debt collector as defined by the FDCPA; and (3) Defendant has engaged in an act or omission prohibited by the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010). The issue here is whether Plaintiff has adequately alleged that Defendant has engaged in an act prohibited by the FDCPA by including a $0 fee in its Collection Letter.

The relevant portions of the FDCPA prohibit a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. § 1692(e). A debt collector violates this provision by falsely representing "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or

3

permitted by law." *Id.* Similarly, 15 U.S.C.A. § 1692(f) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C.A. § 1692(f).

For alleged violations of the FDCPA, "[the Eleventh Circuit] evaluate[s] the circumstances giving rise to an alleged FDCPA violation from the perspective of the least sophisticated consumer." *Prescott v. Seterus, Inc.*, 635 Fed.Appx. 640, 644 (11th Cir. 2015); *see also Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015).

> The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (internal quotations and citations omitted).

Even the least sophisticated consumer would not be misled or deceived by the Collection Letter. Plaintiff cannot state a violation of the FDCPA, or the FCCPA. First, the Collection Letter does not falsely state that there are fees associated with Plaintiff's debt. It specifically shows there are no fees associated with the debt; that is the ordinary meaning of 0.00—none, zilch, nada. *See Bryant v. Aargon Collection Agency, Inc.*, No. 17-CV-14096, 2017 WL 2955532, at *6 (S.D. Fla. June 30, 2017) (dismissing FDCPA and FCCPA claims based on a Collection Letter indicating $0.00 in interest and $0.00 in charges/fees.).

4

The Court finds that the Collection Letter is not false, misleading, or deceptive in violation of the FDCPA. For the same reasons, the FCCPA claim fails to state a claim upon which relief can be granted.

The relevant provision of the FCCPA prohibits a Debt Collector from claiming, attempting, or threatening "to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. Ann. § 559.72. Plaintiff alleges that Defendant had no right to collect fees, so by sending a statement with zero dollars in fees, Defendant was asserting the existence of a legal right knowing that such right does not exist causing Plaintiff "mental suffering, anguish, loss of income . . . ." This argument has no basis in law or fact.

Plaintiff cannot state a claim for violation of the FDCPA or FCCPA. This action is properly dismissed. Since amendment would be futile, the dismissal is with prejudice.[2]

### IV.    Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss [DE 6] is hereby **GRANTED**; and

2. This action is **DISMISSED WITH PREJUDICE**;

3. The Clerk is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in chambers in Ft. Lauderdale, Florida this 1st day of December, 2017.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

---

2 Under Rule 15, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court need not grant leave to amend, however, where such amendment would be futile. *Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012).

5

Copies furnished to:

Counsel of Record